No. 893

STATE v. KILDUFF

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 7379. Decided June 28, 1926

798. MUNICIPAL COURT—Where statute provides that "all misdemeanors of which police courts in municipalities now have or may hereafter be given jurisdiction," relates to the character of the cases to be tried and not to the territorial jurisdiction.

PER CURIAM.

Thomas Kilduff was arrested and charged with the violation of 13062 GC., the offense occuring in the Village of Linndale, within four miles of the limits of Cleveland. Kilduff filed a motion to quash, denying the right of the Cleveland Municipal Court to try him for an offense occurring beyond the limits of Cleveland.

The motion to quash was granted by the court and error was prosecuted, it being claimed that the Municipal Court had jurisdiction under the act creating such court. The Court of Appeals held:

1. The sole question to be decided is the interpretation of 1579-12 GC., it being contended by the state that the test of the Mnnicipal Court's jurisdiction over misdemeanors is the similar jurisdiction exercised by Police Courts, 4577 GC. providing that the "police court shall have jurisdiction of - - - - any offense under any ordinance of the city and of any misdemeanor within four miles of the limits of the city."

2. The state's contention therefore is that the Municipal Court shall exercise similar jurisdiction to that of the Police Court, not only as to the character of cases tried; but also as to the territory over which such jurisdiction may be exercised.

3. Kilduff claims that the language of 4577 GC. relates merely to the character of cases to be tried, but not to the territory over which the jurisdiction of the Municipal Court may be extended.

4. Courts created by statute and not by the constitution can exercise only such powers as are directly conferred upon them by legislative enactment.

5. Section 1579-1 GC. which is the act creating the Municipal Court of Cleveland provides that there shall be a municipal court "in and for the city of Cleveland."

6. The municipal court was intended to be a court in and for the city of Clebeland, and there was no desire to go beyond the territorial limits of Cleveland.

7. Had the law extended the jurisdiction of Cleveland to other municipalities, it would to some extent be heaping upon these other municipalities the very aid which, among others,

the Municipal Court law aimed to eliminate, to wit: the pernicious activity of justices of the peace from outlying municipalities within Cuyahoga County, who invaded Cleveland and on one pretense or another exercised jurisdiction in some cases over residents of Cleveland.

8. Therefore the language, "of all misdemeanors of which police courts in municipalities now have or may hereafter be given jurisdiction," relates to the character of cases to be tried and not to the territorial jurisdiction.

Decision of the Municipal Court is sustained.

Attorneys—Burt W. Griffin and Francis B. Douglass for State; Bernon, Mulligan, Keeley & LeFever for Kilduff; all of Cleveland.